UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Guy Bracken, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:25-cv -1715-x |
| Texas Autos Direct, LLC | § § § | |
| Defendant. | § | |

**JOINT PROPOSAL FOR CONTENTS**
**OF SCHEDULING AND DISCOVERY ORDER**

| | |
|---|---|
| Proposed Date to Complete Discovery | Date – April 30, 2026 (expert disc. May 22, 2026) |
| Proposed Trial Date, including the number of trial days and whether a jury has been demanded | Date – June 22, 2026<br>Number of Trial Days – 2 days<br>Jury Trial |
| Proposed Motion Deadline | Date – May 15, 2026 |
| Proposed Deadline to file motions for leave to join other parties | Date—February 13, 2026 |
| Proposed Deadline to file motions for leave to amend the pleadings | Date – March 27, 2026 |
| Proposed Deadline to Designate Expert Witnesses (including rebuttal experts) | Plaintiffs – March 27, 2026<br>Defendant – April 30, 2026 |
| Proposed Deadline to commence settlement negotiations | Date – November 24, 2025 |

1. Status report explaining progress made at the meeting and present status of settlement negotiations:  Settlement discussions have not made much progress as Defendant and Plaintiff have differing ideas on the law governing the matter.  Many major factual issues are agreed upon.  One or both parties may need to file and have a ruling on Motions for Summary Judgment before settlement.

2. Advisability of referring the case for mediation: Both parties are agreeable to mediation.

3. Do the parties consent to trial (jury or non-jury) before a United States Magistrate Judge? No.

4. Proposed plan and schedule for discovery:

| | |
|---|---|
| Parties exchange Initial disclosures, including all documents | December 15, 2025 |
| Written discovery exchanged | Begin by January 15, 2025 |
| Depositions | Begin on or after January 15, 2026 |
| Examination of vehicle (physical evidence) | Completed on or before December 31, 2025 |

5. Proposed limitations on discovery, if any: No specific limitations at this time. The issue of examining the physical evidence has been discussed and that discussion is ongoing.

6. Other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, including the parties' positions on a consolidated discovery schedule: *Comments*.

7. Are the parties considering mediation or arbitration to resolve this litigation, and if not, why not? Defendants had indicated that they would pursue that this case be moved to arbitration, but on 11/20/2025 they determined they will remain in federal court. The parties are amenable to mediation.

8. Other matters relevant to the status and disposition of this case: None at this time.

Respectfully submitted,

*[signature]*

Amy Beth Clark, TX Bar No. 24043761
Ciment Law Firm, PLLC
4500 Mercantile Plaza Drive; Ste 300
Fort Worth, TX 76137
Ph: 210-294-9273
eService: CPFiling@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF
Guy Bracken


_____/s/ *Steven L. Eason*____
Steven L. Eason, TX Bar No. 06360990
1420 W. Mockingbird Lane, Suite 600
Dallas, Texas 75247
Ph: 214-628-5000
Service email: steve@easonlawpllc.com
ATTORNEY for DEFENDANT
Texas Autos Direct, LLC

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Request for Production of Documents was served on Defendant by and through their counsel via email at the following contact on or before November 21, 2025.

Steven L. Eason, TX Bar No. 06360990
1420 W. Mockingbird Lane, Suite 600
Dallas, Texas 75247
Ph: 214-628-5000
Service email: steve@easonlawpllc.com

Amy Beth Clark

4