UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY BRACKEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1715-X |
| | § | |
| TEXAS AUTOS DIRECT LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Guy Bracken's case against Defendant Texas Autos Direct LLC for failure to prosecute his case.

Bracken filed his complaint in July 2025. (Doc. 1). In November 2025, the Court issued its Scheduling Order which set the mediation deadline as June 5, 2026. (Doc. 14). The parties subsequently sought and received an extension of the mediation deadline to July 6, 2026 with the instruction to file a status report one week after mediation. (Doc. 16). They did not. The Court ordered them to file a status report by July 17. They did not. The Court again ordered them to file a status report, this time by July 24 and warned that their failure to do so would result in a dismissal for want of prosecution and failure to comply with Court orders. (Doc. 18). Once again, they did not comply.

Rule 41(b) allows the Court to "dismiss the action or any claim" if "the plaintiff fails to prosecute or to comply with these rules or a court order."[1]  Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[2]

What is clear is that dismissal is appropriate under Rule 41(b) because the Bracken has failed to prosecute this case and the parties' attorneys have disobeyed the Court's orders.  The more difficult inquiry is whether that dismissal should be with prejudice or without prejudice.  The Court, in its discretion, notes that despite the parties' and their lawyers' failures, the record lacks the findings of purposeful delay or contumaciousness, and the Court has not already imposed the lesser sanctions necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires.  Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Bracken's case against Texas Autos Direct LLC for failure to prosecute its case and failure to comply with the Court's orders.

**IT IS SO ORDERED** this 30th day of July, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] FED. R. CIV. P. 41(b).

[2] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

2